UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO: 2:06-CR-00011-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM LEVETTE HARNEY JR. | ) | |

This matter is before the court on defendant's *pro se* petition to vacate the order of restitution. (DE # 69.)

In 2007, at sentencing, the court ordered that defendant pay restitution in the amount of $3250.00, among other things. (J., DE # 30, at 5.) The court further ordered that "[p]ayment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program[ ("IFRP")]." (Id. at 6.) "Defendant argues that the [court's] direction for payment of restitution during his term of imprisonment improperly delegated to the Bureau of Prisons the responsibility for devising a payment schedule." (Pet., DE # 69, at 2.) Defendant requests that the court vacate his sentence of restitution and resentence him. (Id. at 4-5.)

The court construes the instant petition as seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. See United States v. Campbell, 190 F. App'x 227, 228 (4th Cir. 2006) (holding that the district court should have construed a motion challenging only the implementation of restitution portion of sentence as one for habeas corpus relief arising under § 2241). Because

defendant is currently incarcerated in this district, this court may consider the merits of the petition. See id. ("A § 2241 petition must be brought in the district in which petitioner is incarcerated . . . ." (citation omitted)).

Contrary to defendant's assertions, the court did not mandate his participation in the IFRP nor require him to make restitution in accordance with IFRP policies. Rather, as noted, the court ordered the payment of the restitution in full immediately. Under such circumstances, "restitution may be collected by the Bureau of Prisons pursuant to the [IFRP] during the period of the defendant's imprisonment." United States v. Rocha, No. 1:99CR326-1, 2006 WL 4909847, at *1 (M.D.N.C. May 19, 2006) (citing United States v. Watkins, 161 F. App'x 337 (4th Cir. 2006); Coleman v. Brooks, 133 F. App'x 51 (4th Cir. 2005)), aff'd, 205 F. App'x 993 (4th Cir. 2006); see also United States v. Morgan, No. 3:97CR2-02-MU, 2006 WL 2460867, at *1 (W.D.N.C. Aug. 23, 2006) ("[O]nce a district court has ordered the immediate payment of restitution, the court may directly use the Bureau of Prisons, and indirectly the IFRP, as a means of collecting those payments.").

The petition is DISMISSED.

This 18 June 2013.

W. Earl Britt
Senior U.S. District Judge